OTT, Chief Judge.
Appellant, a juvenile, was charged by petition. The sole allegation was grand theft in the second degree. § 812.014, Fla.Stat. (1981). The appellant was acquitted of the theft charge at his adjudicatory hearing; however, he was found guilty of obstructing without violence as a lesser-included offense. § 843.02, Fla.Stat. (1981). We reverse.
Although the full panoply of constitutional rights afforded an “adult” in a criminal trial is not conversely applicable in delinquency cases, State v. D. H., 340 So.2d 1163 (Fla.1976), a juvenile is not. subject to adjudication proceedings absent written notice permitting an adequate time period in which to prepare a defense. In Re: Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Furthermore, in fairly viewing lesser-included offenses, we cannot categorize obstructing without violence as a lesser-included offense of grand theft. See In Re: Use of the Trial Courts of the Standard Jury Instructions in Criminal Cases, Nos. 57,731 and 58,799 (Fla., filed April 16, 1981). Therefore, since grand theft was the sole allegation presented here, the accused could not logically have anticipated, nor prepared for, a charge of obstructing without violence.
To subject the appellant here to delinquency proceedings which could perchance result in his loss of liberty without initially affording him his basic due process right of notice constitutes error, which, in the interest of justice, warrants remedy.
Accordingly, the order adjudicating this appellant delinquent is REVERSED.
HOBSON and BOARDMAN, JJ., concur.